### PEOPLE v. SAVAGE.

(Supreme Court, Special Term, Erie County. February, 1910.)

INDICTMENT AND INFORMATION (§ 71*)—USE OF WORD "CERTAIN."

    An indictment which alleges that defendant represented that his firm had theretofore furnished, rendered, and performed "certain extra items in connection with a certain sewer then and there being," which representations were false, etc., is not subject to demurrer for not apprising defendant of the facts which may be proved, in that under the word "certain" various items of extra work could be shown to have been performed, since, construing the indictment strictly against the pleader, it could only be shown that the statement was made as quoted, and hence was sufficient as against demurrer.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 193, 194; Dec. Dig. § 71.*]

Lawrence W. Savage was indicted for crime, and demurs to the indictment. Demurrer overruled.

Henry W. Killeen, for defendant.
Guy B. Moore, for the People.

BROWN, J. The defendant contends that by this indictment he is not apprised of the facts which may be proved, so as to enable him to prepare his defense; the precise criticism being of the allegations charging defendant with making representations, and the allegations that such representations are false. The allegation of the indictment is that the defendant represented that his firm had theretofore furnished, rendered, and performed, for the town of West Seneca, "certain extra items in connection with a certain sewer then and there being."

The defendant contends that under this allegation the people may prove that defendant represented that many, divers, numerous, fixed, named items of extra work had been rendered, furnished, and performed; that defendant should be advised of the particular named items of extra work that are to be specified on the trial as being the extra work claimed to have been the basis of the false representations. The defendant contends that, the pleader having used the word "certain," the allegation must necessarily be construed as charging the defendant with representing that definite, fixed, and named items of extra work had been performed; that the grand jury must have had before it evidence of the kind, character, extent, and place of the extra work when they used the word "certain" to define and characterize it, and the indictment should specify what extra work is claimed to be referred to.

Such a construction very likely would entitle defendant to be advised of precisely what particular item of extra work he was charged with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

having represented as having been performed.　But such construction is in violation of the rule that criminal pleadings must be most favorably construed for the benefit of the accused—must be strictly construed against the pleader.　Such a construction would limit the allegation to charge that the defendant represented to the town board of West Seneca, by oral or written statement, that "certain extra items in connection with the sewer had been furnished, for which he was entitled to $2,690," and not as charging that the defendant represented by stating and naming the various numerous fixed items of extra work as a part of his representations.

Suppose the defendant did state to the town board orally:

"Certain extra items in connection with the sewer have been furnished, and I am entitled to $2,690."

How could such a representation be more accurately or properly pleaded than as set forth in the indictment?

Suppose defendant did state to the town board orally:　.

"Extra items in connection with the sewer have been furnished, and I am entitled to $2,690."

Would there be any doubt as to the precise representation charged in the indictment, simply because the pleader used the word "certain"? Would there be any doubt as to the admissibility of such statement under the allegation of the indictment?

The indictment does limit the charge of representation as made by the defendant to be that extra items, or certain extra items, of work, etc., had been furnished, and does not mean that defendant represented by stating and naming various, or any, particular item.　The charge is that he represented extra items, or certain extra items, of work, etc., had been performed which were not named by him, and defendant is not entitled to a construction of the allegation making it broader than it really is.

The allegation which negatives the representation must be held to the same narrow construction, as applying to the simple representation, as limited by the language used.　The plain language of this allegation simply means that defendant had not performed extra items, or certain extra items, of work, etc., for which he was entitled to the sum of $2,690, as represented by him to have been performed.　The defendant is not entitled to be apprised of the way and manner that the people may prove that extra items of work, for which he was entitled to the sum of $2,690, had not been performed.

Demurrer overruled, and defendant must plead to the indictment.